Antonio Reyes **ALBITEZ**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–2107

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1972.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Roland Daniel Green, III, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

▇ The petitioner-appellant is a Texas prisoner presently serving a five year confinement sentence in the custody of the respondent.[1] The sentence was imposed after jury trial and judgment of conviction for unlawful possession of dihydrocodeinone.[2]

The district court denied without hearing Albitez's petition for habeas corpus. We affirm.

The narrow questions raised below relate to the sufficiency of the affidavit made the basis of the search warrant, resulting in the discovery and seizure of the narcotic in Albitez's apartment. The contentions are: (a) that the affidavit was insufficient[3] to establish

Harry H. Walsh, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

1. The conviction was affirmed by the Texas Court of Criminal Appeals. Albitez v. State, 1971, 461 S.W.2d 609. Since the identical questions raised on habeas corpus were pursued in the direct appeal, it was unnecessary for the petitioner to seek post-conviction relief in the Texas courts before applying to the federal district court for habeas relief. See Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. No question as to exhaustion of state remedies was raised in the court below.

2. Defined by Schmidt's Attorneys' Dictionary of Medicine as: "A medicinal substance, chemically an alkaloid and isomeric with codeine, prepared by rearranging the structure of the codeine molecule. It is more potent than codeine and also more habit-forming."

3. The affidavit was made by Brownsville Police Detective Zepeda and recited the following:
    "I, Detective Roy Zepeda of the Brownsville Police Department, recently received information leading to the arrest of a subject and the subsequent seizure of a small amount of heroin.

Prosecution in this case is still pending.

"This reliable and credible informant has given me further information that within the past two weeks, she has been the witness to the administration of heroin shots to at least one subject in an apartment which is #4 at 830 E. Elizabeth Street in Brownsville, Cameron County, Texas. The informant has further revealed that the shots have been administered by ANTONIO REYES ALBITEZ, whom I know as a narcotics violator and who has been previously convicted of violating the U. S. Narcotics Laws, and who resides at said apartment.

"I have good reason to believe and do believe that there is stored in said apartment or on said premises a certain amount of heroin.

"My belief is further strengthened by the fact that the suspect arrested in connection with the above mentioned information told Detective Sgt. Andy Vega that an amount of heroin similar in size to that found on him is today being held by Antonio Reyes Albitez in his apartment. This information was given by the arrested subject after

probable cause, and (b) that the magistrate was not neutral and detached because he helped prepare the affidavit before issuing the search warrant.

■ Combining as it did hearsay information and personal knowledge, we think the affidavit sufficiently met the tests established by controlling precedent.[4] In addition to the hearsay quoted in the affidavit in question (Footnote 3), this affidavit set forth a "substantial basis" for crediting the hearsay and the resulting search warrant was valid. See Jones v. United States, Footnote 4 supra, and United States v. Harris, Footnote 4, supra.

■ With respect to his second contention the appellant relies on the requirement of Johnson v. United States, 1948, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436, 438, that the inferences from the facts "be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime". The lack of merit in this ground of the appeal is, we think, demonstrated by the language used by the experienced trial judge in disposing of it:

"Assistance by the magistrate in preparing an affidavit containing sufficient facts to make an independent judgment as to the existence of probable cause does not detract from his neutrality. It demonstrates it. His duty is not to 'rubber stamp' conclusory allegations, but to require adequate factual details or underlying circumstances. Neither does 'detached' mean that he must remain mute, and simply accept or reject an affidavit. Due

process does not require the police officer to keep presenting affidavits until he hits the mark or the contraband sought disappears."

The judgment below was right. It is Affirmed.

---

he had been properly warned of his Constitutional rights.

"Wherefore, I ask that a warrant to search the above mentioned apartment and premises at #4 apartment at 830 E. Elizabeth in Brownsville, Cameron County, Texas, and seize the said heroin mentioned above be issued in accordance with the law in such cases provided."

4. Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; Aguilar v. Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; United States v. Ventresca, 1965, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; United States v. Harris, 1971, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723.