Gabrielli, J. (dissenting).
I dissent and vote to sustain the issuance of the warrant, the validity of the search and the seizure of a substantial quantity of dangerous drugs. The warrant was issued by the Magistrate upon valid, legal and entirely adequate supportive evidence obtained from a source which had been demonstrated to be reliable.
• Defendants were arrested for possession of these drugs following a search authorized by a warrant therefor based on the affidavit of a detective of the Town of Greenburgh Police Department which in pertinent part recited that:
“ On April 24, 1970, at 3:40 p.m., I received information from a reliable Informant, whose reliability has resulted in the arrest of a person for the criminal sale of dangerous drug in Westchester County. This Informant advised me that on April 23, 1970, sometime after 8:30 p.m., the aforesaid subject of this warrant, John Sutton, came into possession of thirty (30) Kilos of marijuana. Said marijuana being in ‘ brick blocks ’ and that the marijuana has as recently as twelve noon this date, April 24, 1970 been secured in the aforesaid apartment number being 716, located at 80 East Hartsdale Avenue, Hartsdale, New York.
*925 “ The reliability of the aforementioned Informant is predicated in [sic] information I received from Chief Criminal Investigator Charles R. Jackson, Jr., Westchester County Sheriff’s Office, Narcotic Enforcement Unit, that on November 13, 1969, this said Confidential Informant did contact by telephone, one Stanley Coon, of 160 Virginia Road, Town of New Castle, New York, and did have a conversation relative to drugs and the availability of purchasing a quantity of marijuana. On November 15,1969, this same Informant together with Criminal Investigator Kenneth Cowan, Westchester County Sheriff Office, Narcotic Enforcement Unit, did meet with the aforesaid Stanley Coon and purchased a half a pound of marijuana resulting in the indictment of Stanley Coon for criminal sale of a dangerous drug in the third degree and criminal possession of a dangerous drug in the third degree, and that on January 26,1970, the aforesaid Stanley Coon was taken into custody for the aforesaid charges. Further at the time of the search the subject was found to be in possession of narcotic implements, and dangerous drugs, and a quantity of fireworks.
“ It is apparent that John Sutton, is a supplier of marijuana and has a supply of marijuana in his apartment, herein as apartment 716, located at 80 East Hartsdale Avenue, Hartsdale, New York.”
Even a casual reading of the quoted affidavit discloses, without possible doubt, that the reliability of the informer was clearly established. The sole dissenter in the Appellate Division and the majority here have, however, concluded that the search warrant suffered from a lack of evidence of the reliability of the informer for, as one argument they advance, it was not shown that the informer’s previous disclosure resulted in a conviction. Although it will later be demonstrated that reliability was otherwise shown, it may be well to here repeat what Chief Judge Friendly said in United States v. Manning (448 F. 2d 992, 999, n. 3): “A principle requiring suppression of evidence in any case where probable cause depended in part on information given by an informer whose reliability had not previously been established by a record of convictions would mean that he could never qualify except when his information was supplemented by evidence sufficient to establish probable cause without it”. The quality of justice should not be so strained as would be required by the majority.
*926 The Fourth Amendment to the United States Constitution requires only that “ no Warrants shall issue, hut upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized ’ ’ and it is clear that in assessing probable cause for the issuance of a search warrant, the established test is whether the facts submitted in the supporting affidavit, would justify a man of reasonable caution in believing that an offense is being committed (United States v. Rich, 407 F. 2d 934, 936, cert. den. 395 U. S. 922; see, also, United States v. Melancon, 462 F. 2d 82). An examination of the affidavit supporting the issuance of the warrant, upon these guidelines easily substantiates its validity for, as the Supreme Court has stated, “ [i]n dealing with probable cause * * * , as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act ” (Brinegar v. United States, 338 U. S. 160,175) [1]
The dissent at the Appellate Division, upon which the majority of this court relies, has referred to Spinelli v. United States (393 U. S. 410), Aguilar v. Texas (378 U. S. 108) and People v. Hendricks (25 N Y 2d 129) and has chosen, with an unjustified exercise of judicial side-stepping, to give only passing notice to the more recent pronouncements in United States v. Harris (403 U. S. 573, supra) and the Second Circuit holding in United States v. Manning (448 F. 2d 992, supra). In the Harris case, the Supreme Court reconsidered its prior decision in Aguilar v. Texas (supra) and Spinelli v. United States (supra) and redefined the issues to be resolved by a court reviewing the action of a Magistrate in issuing a search warrant. Chief Justice Burger in announcing the decision of the court stated that the sole inquiry is, “ as it always must be in determining probable cause whether the informant’s present information is truthful or reliable ” (p. 582; emphasis in original) He added that an averment of an informer’s previous reliab' y is not always necessary, and went on to state that Aguilar v. Texas (supra) *927 cannot be read as establishing a principle of review other than whether there is a ‘f substantial basis ’ ’ for crediting the statement of the informant (p. 581). The extent of the court’s consideration of its prior decisions in the Spinelli and Aguilar cases is revealed by the concurring opinion of Justice Black wherein he stated that both of these decisions should be overruled.
In United States v. Manning (supra) the Second Circuit relied on the Harris case, and implied it had wrought a change in this area of the law and that had the lower court had the benefit of that decision, the case would have been decided differently. The court further observed that the lack of a previous record of accurate information by an informer, is not fatal to the issuance of a search warrant (p. 999).
Nonetheless, and apart from the holdings of these two cases, the affidavit under attack in this case, meets adequately the constitutional standards previously required, and probable cause was apparent from the face thereof. Even under Aguilar v. Texas (378 U. S. 108, supra) the two-prong test there required was met, since it was clearly shown by the underlying circumstances described in the affidavit that (1) the officer could reasonably conclude that the informant was credible and that (2) the narcotics were where he claimed they were.
The sole test of reliability is not, of course, whether previous information given resulted in an arrest and conviction[2], but rather whether the underlying circumstances and statements in the affidavit, taken on their face, permitted the officer to conclude that the information was credible. Here, the informant had previously furnished information and co-operated with the police and, as a result, Stanley Coon was arrested and indicted, and a quantity of the marijuana was .seized. In People v. Montague (19 N Y 2d 121) this court sustained the reliability of an informant on somewhat similar facts. In an opinion by Judge Burke, the majority of the court concluded that the informant’s credibility was established by his participation in a prearranged scheme, of which the police department had prior knowledge, and which *928 was designed to result in the purchase of marijuana from the defendant Montague. After purchasing the marijuana, the contraband was turned over to the police, and on the basis of these facts this court concluded that the reliability of the informant was • sufficiently established. It was impossible to buttress the informant’s information in this case, by proof of Coon’s conviction. He has absconded and is a fugitive from justice.
We further note with approval Johnson v. State of Maryland (14 Md. App. 721, cert. den. 409 U. S. 1039) in which the Maryland Court of Special Appeals concluded, in answer to similar arguments requesting that convictions follow arrests before reliability may be established, that: “We feel that the last sentence of the first quoted paragraph in the affidavit, which related that the informant had given information and actively participated in investigations resulting in over five narcotic arrests and seizures within the preceding six months, was adequate for the issuing magistrate to conclude that the informant was credible ” (Johnson v. Maryland, 17 Md. App., at p. 728). Similarly the Fifth Circuit in Albitez v. Beto (465 F. 2d 954) sustained the reliability of an informant on the ground that previous information he had given had led to an arrest and the seizure of heroin, even though that prosecution was still pending.
Of course the second prong of the test in Aguilar v. Texas (378 U. S. 108, supra) is satisfied when the affidavit described the criminal activity in sufficient detail so that the Magistrate may know that he is relying on something more substantial than a casual rumor.
The defendant, citing Aguilar v. Texas (378 U. S. 108, supra) and Spinelli v. United States (393 U. S. 410, supra), advances the claim (the principal argument upon which the majority bases its reversal) that the affidavit in support of the search warrant was insufficiently explicit in detailing the source of the informant’s information, “an affidavit may be based on hearsay information and need not reflect the direct personal observation of the affiant ’ ’ and the Magistrate must be informed 1 ‘ of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were” (Aguilar v. Texas, supra, at p. 114). This may, and sometimes can only, be accomplished by detailing the criminal activity involved; and “ [i]n the absence of a statement detailing the manner in which the information was gathered, it is especially *929 important that the tip describe the accused’s criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual’s general reputation.” (Spinelli v. United States, 393 U. S. 410, 416, supra). (See, also, Draper v. United States, 358 U. S. 307; People v. Hendricks, 25 N Y 2d 129, 136.) Here the criminal activity was more than sufficiently detailed. The informant gave the officer completely explicit and detailed information. He told the officer that the defendant had obtained the marijuana after 8:30 the night before, that he had 30 kilos of the marijuana which was in brick blocks, gave its exact location and that as recently as three and one-half hours earlier, the marijuana had been in the defendant’s apartment. Such specificity, even without personal viewing, is sufficient (cf. Draper v. United States, supra; Spinelli v. United States, supra, at pp. 416, 417). The fact that the Magistrate was justified in relying on the accuracy of the informant’s information was conclusively proven when the warrant was executed for, in his apartment, Sutton had two full bricks and three half bricks of marijuana. (See People v. Meyers, 38 A D 2d 484.)
The facts furnished by the informer required prompt police action and the issuance of the warrant. A showing of the receipt of 30 kilos of marijuana meant simply that the sale of dangerous drugs was taking place. There is lawful and valid reason for the validity of this warrant and “ [i]t will not do to say that warrants may not issue on uncorroborated hearsay. This only avoids the issue of whether there is reason for crediting the out-of-court statement” (United States v. Harris, 403 U. S. 573, 584, supra). Where, as here, the averments in the affidavit reflected a substantial basis for crediting the information, it is sufficient (United States v. Ventresca, 380 U. S. 102, 110, supra; United States v. Banks, 465 F. 2d 1235, 1241), and in arriving at the conclusion to sustain the search, we quote from United States v. Ventresca (supra) that: “In our view the officers in this case did what the Constitution requires. They obtained a warrant from a judicial officer 1 upon probable cause, supported by Oath or affirmation, * * * ’. It is vital that having done so their actions should be sustained under a system of justice responsive both to the needs of individual liberty and to the rights of the community.” (p. 112).
*930 The order of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Breitel, Jones and Wachtleb concur; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judges Burke and Jasen concur.
Order reversed and the orders of the County Court reinstated in a memorandum.

. In speaking to this concept and citing this case with approval Chief Justice Burger, writing for the majority, redeelared the validity of this principle which applies especially to such a proceeding “ before the trial ” and hence “ we deal only with probabilities ” upon which reasonable men act (United States v. Harris, 403 U. S. 573, 582-583).

. Reliability has been found where the informant’s previous information led to an arrest and conviction (People v. Munger, 24 N Y 2d 445), where the informant was a police officer (United States v. Ventresea, 380 U. S. 102) and a number of situations other than proof of prior conviction evidence (e.g., United States v. Harris, 403 U. S. 573, 583-584; People v. Wheatman, 29 N Y 2d 337; People v. Coffey, 12 N Y 2d 443).