STATE of Tennessee, Appellee,

v.

Randy C. NOLAN and Jerry Choate, Appellants.

Court of Criminal Appeals of Tennessee.

Jan. 30, 1981.

William M. Leech, Jr., Atty. Gen., Nashville, James A. DeLanis, Asst. Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, for appellee.

Robert H. Schwartz, Nashville, for Nolan.

Seth Norman, Nashville, for Choate.

## OPINION

O'BRIEN, Judge.

This appeal is before us, after a guilty plea in the trial court, upon a certified question of law dispositive of the case.

A ten count indictment was returned against defendants charging them with various violations of the Tennessee Drug Control Act. Nolan pleaded guilty to two counts of the indictment charging him with possession with intent to sell Schedule II and Schedule IV controlled substances. His sentences were fixed at confinement in the penitentiary for four (4) years on each count, with the sentences to run concurrently. Choate pleaded guilty to two counts of possession with intent to sell Schedule VI controlled substances. He was sentenced to serve not less than one (1) nor more than five (5) years in the penitentiary on each count, with the sentences to be served concurrently.

The specific issue presented for review is the validity of two search warrants in this case based on the substance of the affidavits contained in the warrant and the action of the issuing magistrate in making certain interlineations on its face. We note at the outset that the order approving the guilty pleas and consenting to the reservation of the right to appeal did not set out the nature of the certified question of law which is the subject of the appeal. This oversight has resulted in the submission of an issue to this Court which was waived at the trial level by failure to properly bring it to the attention of that court.

Defendants make a two faceted attack on the sufficiency of the affidavit to the search warrant, claiming first that the affidavit did not include sufficient facts from which the magistrate could determine the basis of the informants knowledge that the substances he observed and purchased in the premises to be searched were actually narcotics. We have examined *Post v. State,* 580 S.W.2d 801, (Tenn.Cr.App.1979), the only authority cited by defendant to sustain the issue. We do not find that case to lend any credence to defendants' theory. In *Post,* citing from *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); and other cases, this Court reiterated the rule that affidavits of probable cause are tested by much less vigorous standards than those governing the admissibility of evidence at trial. Only the probability and not a prima facie showing of criminal activity is the standard of probable cause, *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In judging probable cause issuing magistrates are not to be confined by restrictions on the use of their common sense. See *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). In the absence of any demonstration that the affidavit contained a false statement or was issued as a result of fraud or collusion, *State v. Little,* 560 S.W.2d 403 (Tenn.1978); we are satisfied it was sufficient on its face to establish probable cause.

Defendants complain of certain deletions and additions to the affidavit made by the issuing magistrate on the premise that this placed him in an active role in its preparation. It is their position that the magistrate loses his neutral and detached posture by taking an active role in the process of gathering and expressing probable cause. While we cannot commend the practice of altering an affidavit by the issuing magistrate we find the facts in this case more in keeping with the circumstances in the case of *Albitez v. Beto,* 465 F.2d 954, 956 (5th Cir. 1972), in which the court said:

"With respect to his second contention the appellant relies on the requirement of *Johnson v. United States*, 1948, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436, 438, that the inferences from the facts 'be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime'. The lack of merit in this ground of the appeal is, we think, demonstrated by the language used by the experienced trial judge in disposing of it:

> 'Assistance by the magistrate in preparing an affidavit containing sufficient facts to make an independent judgment as to the existence of probable cause does not detract from his neutrality. It demonstrates it. His duty is not to 'rubber stamp' conclusory allegations, but to require adequate factual details or underlying circumstances. Neither does 'detached' mean that he must remain mute, and simply accept or reject an affidavit. Due process does not require the police officer to keep presenting affidavits until he hits the mark or the contraband sought disappears.' "

The third issue raised by defendants, relative to the identity of the informant, was pretermitted by failure to properly present the matter in the trial court. It was also waived by failure to comply with the requirements of Tennessee Rule of Criminal Procedure No. 37(b). Having examined the record we find the issue to be without merit had it been properly before us for consideration.

The judgment of the trial court is affirmed.

WALKER, P. J., and CORNELIUS, J., concur.