STATE of Tennessee, Appellant,

v.

Carl M. STINNETT, Appellee.

Supreme Court of Tennessee.

March 8, 1982.

William W. Hunt III, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellant.

Michael M. Raulston, Chattanooga, for appellee.

## OPINION

COOPER, Justice.

Carl M. Stinnett, indicted for possession with intent to sell Schedule II and Schedule VI controlled substances, moved to suppress evidence seized pursuant to a search warrant. The motion to suppress was posited on the ground that the description of the premises to be searched was general and "subjected many and various persons and their premises to a search." The trial judge sustained the motion to suppress and dismissed the indictments. The Court of Criminal Appeals affirmed, holding that the search warrant as drawn was in essence a general warrant as it gave the officers discretion to search premises other than those occupied by Mr. Stinnett. On the appeal by the State, this court is called upon to determine whether the description of the premises to be searched was sufficiently precise to meet the constitutional requirement of particularity. *See* Amendment IV of the Constitution of the United States, and Article 1, Sec. 7 of the Constitution of the State of Tennessee.

The search warrant is a "John Doe" warrant, and describes the property to be searched as "2151 N.E. Parker St., being the house on the southwest corner of 22nd St. and Parker St. located in the County of Bradley, State of Tennessee." The house at this location has the appearance of being a single family dwelling, but is in reality a two family dwelling in that there is an apartment separated from the main house by the garage. The apartment has an outside entrance separate from that of the main house.

The building is owned by Ms. Darlene Pullin, the girl-friend of Carl Stinnett. Ms. Pullin lives in the main part of the house and Carl Stinnett is often there. Ms. Sandra Smith lives in the apartment. The number 2151 is attached to the outside wall of the house at the entrance to the main part of the house. There is no house number at the entrance to the apartment.

On the night the search warrant was executed the police officers serving the search warrant drove their automobile into the driveway of the house at 2151 Parker Street, N.E., went to the nearest outside door, which was the door of the apartment, and inquired of Ms. Smith whether Carl Stinnett lived there. Ms. Smith replied in the negative. On further inquiry, Ms. Smith told the officers that Darlene Pullin lived in the main house and that Ms. Pullin dated Carl Stinnett "sometimes." The officer left and came back some thirty-minutes later and asked Ms. Smith which car was hers. The officer subsequently went to the main part of the dwelling, served the warrant and found the drugs that were the basis of the indictments returned against Mr. Stinnett. No other premises were searched.

The officer that secured and served the search warrant testified that an informant had told him the name of the suspect and that he resided in the main house. He further testified that the informant had also said that there was an apartment in the rear of the house. "That's the reason I put the house rather than the apartment in the search warrant."

Subsequently, and before the trial judge ruled on the motion to suppress, the State presented evidence to show that Ms. Smith's apartment had a mailing address of 2151½ Parker Street, and that mail had been delivered to that mailing address for more than fifteen years.

The Fourth Amendment to the Constitution of the United States, and Article 1, Sec. 7 of the Constitution of the State of Tennessee both prohibit unreasonable searches and seizures. In compliance with this constitutional prohibition, T.C.A. § 40–

503 prohibits the issuance of a search warrant except on probable cause and requires the warrant to "particularly" describe "the place to be searched."

As is pointed out in *Squires v. State*, 525 S.W.2d 686 (Tenn.Cr.App.1975) at page 690:

> The simple test of the legal sufficiency of a search warrant's description of the property to be searched is whether or not it will enable an officer to locate the place to be searched with reasonable certainty, *Hatchett v. State*, 208 Tenn. 399, 346 S.W.2d 258, and thus prevent the officer from searching the premises of one person under a warrant directed against those of another. *Lea v. State*, 181 Tenn. 378, 181 S.W.2d 351.

Under this test, and in keeping with the requirement that a search warrant "particularly" describes the place to be searched, generally a search warrant directed against a multiunit dwelling is invalid unless it describes the subunit intended to be searched with sufficient definiteness to exclude the search of an unintended subunit. *See Worden v. State*, 197 Tenn. 340, 273 S.W.2d 139 (1954); *State v. Bass*, 153 Tenn. 162, 281 S.W. 936 (1925); Anno. 11 A.L.R.3d 1330, 1333. However, in cases where the police were understandably misled into believing that a house was a single dwelling unit, the courts have recognized an exception to the rule that evidence must be suppressed if the search warrant did not specifically signify the subunit to be searched. *See* cases collected in § 8 of the annotation at 11 A.L.R.3d 1330 and Wharton's Criminal Evidence § 723 (13th ed. 1973).

In the instant case there were no external indicia of multiple occupancy of the main front structure of the house. While it is true, the informant told the officer that there was an apartment in the rear, he also told the officer that the suspect resided in the "main part of the house" —the part that has the appearance of a single family dwelling. The part that bears house number 2151, the house number set forth in the search warrant. Under these circumstances, we think the officer was justified in not specifically noting in the property description that the house contained an apartment.

But aside from the application of the exception to the general rule relative to searches of multiunit buildings, we think the description in the search warrant meets the general test set forth in *Squires, supra*. The property described in the search warrant is the house located on the southwest corner of the intersection of 22nd Street and Parker Street and bearing number 2151. That house number is on the outside wall of the house alongside the entrance to the main part of the house—the part that is occupied only by Stinnett and his girl friend and which is completely separate from the living quarters of Ms. Smith. In fact, there is no access from the house to the apartment, nor do the units share any common way. Furthermore Ms. Smith's apartment has the mailing address of 2151½ N.E. Parker Street, and has been so designated for more than fifteen years. Having a different street address, Ms. Smith's apartment was precluded from the search under the warrant, which adds to the "particularity" of the description of the place to be searched.

The judgment suppressing evidence obtained under the search warrant and dismissing the indictment against Carl M. Stinnett is reversed. The case is remanded for trial. Costs incident to the appeal are adjudged against Carl M. Stinnett.

HARBISON, C. J., and FONES, BROCK, and DROWOTA, JJ., concur.