**STATE of Tennessee, Appellee,**

v.

**David K. NUNLEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 19, 1984.

Permission to Appeal Denied by Supreme Court July 30, 1984.

William S. Todd, Kingsport, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Wayne E. Uhl, Asst. State Atty. Gen., Nashville, John Bingham, Asst. Dist. Atty. Gen., Phyllis Fitzwilson, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of attempting to commit a felony, possession with intent to sell a schedule II substance, and he was also convicted of possession of a schedule VI substance. For the felony, the defendant was sentenced to serve not less than two nor more than five years and to pay a fine of five hundred dollars. He was sentenced to pay a fine of one thousand dollars on the other offense.

The only issue raised by the defendant on appeal is whether the description of the building, in which the illegal drugs were seized, was sufficiently described in the search warrant.

The judgments are affirmed.

The description given in the search warrant was as follows:

> A large one story white and brown brick dwelling house, bearing the numbers 113 on the front door of said dwelling. From the intersection of Bloomingdale Pike and Katherine St. travel in a northerly direction on Katherine St. approximately 500 feet. House will be facing Katherine St. at the corner of Katherine and Cardinal Street.

The house which the officers searched was located at the intersection of Katherine Street and Cardinal Street as set out in the search warrant. The house was of brick construction, and from a colored photograph introduced at the suppression hearing, the house is brown and white in color.

The entry to the house faces Katherine Street as set out in the description.

The evidence shows the house is what is termed a split foyer. From the pictures, it appears that the bulk of the house, as viewed from the front, is a single story house. However, at the southern end of the house there are lower and upper windows. The house is built lengthwise into a hill that slopes from the north to the south. This house was the only house at the intersection that fit the description set out in the search warrant. The evidence shows there is no other house located on these streets which would fit the description set out in the search warrant.

The discrepancies in the search warrant and the house searched amount to only one significant element. The search warrant set out that the house to be searched bore the number 113 on the front door. The house searched bore no number. The number 113 was on a house in which the defendant's grandfather lived. A minor discrepancy is in the description in the warrant which says the house to be searched is approximately five hundred feet north of Bloomingdale Pike. The evidence shows the house searched is approximately seven hundred thirty-five feet north of the intersection.[1] The house bearing the number 113 is located approximately four hundred feet north of the intersection of Bloomingdale Pike.

The house on Katherine Street bearing the number 113 is constructed of shingled white sheetrock siding. This house is one and one-half stories.

The pictures introduced show the houses are not at all similar. The description in the search warrant fits the house searched in construction, color and geographic location.

The house bearing the number 113 fits the description in the warrant only in that particularity. All other details in the warrant are not at all similar to that house.

It is obvious that the number 113 had no bearing on the house to be searched. The

---

1. This was based on the testimony of an archi- tect who said he paced off the distance.

officers searched the house which had no number thereon. The only number connected with the house searched was the number 121 which was on a mailbox across the street from the house searched.

■ In determining the validity of a search warrant when an attack is made upon the description of the place to be searched, the court must determine whether or not it will enable an officer to locate the place to be searched with reasonable certainty. *State v. Stinnett*, 629 S.W.2d 1 (Tenn.1982); *Hatchett v. State*, 208 Tenn. 399, 346 S.W.2d 258 (1961).

■ From the evidence introduced at the suppression hearing, and the description in the warrant, we conclude the description in the warrant satisfied these requirements and the search was lawful.

CORNELIUS and SCOTT, JJ., concur.