**STATE of Tennessee, Appellee,**

v.

**Patsy DOWELL, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 4, 1985.

Permission to Appeal Denied by Supreme Court Dec. 30, 1985.

W.J. Michael Cody, Atty. Gen. and Reporter, Jane W. Young, Asst. Atty. Gen., Nashville, Greeley Wells, Asst. Dist. Atty. Gen., Blountville, for appellee.

Michael May, Kingsport, for appellant.

## OPINION

O'BRIEN, Judge.

Patsy Dowell was convicted in the Sullivan County Court for possession of more than thirty grams of cocaine for resale. She was sentenced as a Range I, standard offender to eighteen (18) years imprisonment.

In February, 1983 officers in the Kingsport Police Department received information that defendant was keeping cocaine in her safety deposit box at the King Giant Plaza Branch of the First American Bank in Kingsport. Acting under authority of a search warrant they recovered Five Hundred Twenty-One Dollars ($521) in cash and a large plastic bag labeled "Encounter" which contained ten smaller plastic bags, each full of a white powder substance which was analyzed and verified as containing cocaine. A warrant issued for defendant's arrest on March 1, 1983. She turned herself in to the authorities on March 28, 1983, and was subsequently tried and convicted.

The first issue raised deals with the validity of the search warrant. It is argued the description of the place to be searched is insufficient in that it fails to state the number of the safety deposit box or a fitting location of the bank. The description on the warrant is as follows:

"The safety deposit box rented by Patsy Dowell at the First American Bank, King-Giant Plaza Office. [S]aid premises

being located in Kingsport, Sullivan County, Tennessee."

In determining the validity of a search warrant when an attack is made upon the description of the place to be searched, the court must determine whether or not the description will enable an officer to locate the place to be searched with reasonable certainty, *State v. Nunley*, 675 S.W.2d 197, 199 (Tenn.Cr.App.1984); whether it points to a definitely ascertainable place so as to exclude all others, *Feagins v. State*, 596 S.W.2d 108, 112 (Tenn.Cr.App.1979), thus preventing the officer from searching the premises of one person under a warrant directed against those of another. *State v. Stinnett*, 629 S.W.2d 1, 3 (Tenn.1982). Article 1, Sec. 7 of the Tennessee Constitution provides a search warrant must "particularly" describe the place to be searched. The description must be such that any person familiar with the locality can, by inquiring, identify the premises described in the warrant. See *Feagins*, supra, citing *Webb v. State*, 121 S.W.2d 550, 173 Tenn. 518 (1938). We know of no authority to the effect that precise directions must be included in the descriptive provisions of a warrant; to the contrary, inadequate or inaccurate directions do not invalidate a search warrant so long as the description meets the above recited requirements. *Feagins*, supra.

Any person familiar with the City of Kingsport could easily locate the bank from the description given. Once at the bank the warrant could be (and was) served on the appropriate official to locate the box rented by defendant from the information in the bank records. The material information necessary to location of the correct premises to be searched were the name and location of the bank and the name of the renter of the box. Together this information pointed to a definitely ascertainable location so as to exclude all others.

■ The contention is made that the affidavit to the search warrant was insufficient to satisfy probable cause requirements. The affidavit to the search warrant is included as an exhibit to this record, and contains the following information:

"Affiant was told on February 21, 1983 by a confidential informant, who has provided affiant with information in the past which has led to arrests and convictions in at least three instances, that said informant within the last five days overheard a conversation between Patsy Dowell and Ralph Barrett in which they discussed a pound of cocaine they stated was being maintained in a bank safety deposit box. Barrett was overheard to state he was afraid Dowell would get the cocaine out of said safety deposit box without his knowledge.

Affiant was advised on February 22, 1983 by Captain Bob Moore of the Kingsport Police Department that Capt. Moore on that date was advised by a confidential informant, who has on many previous occasions provided accurate and reliable information, that Patsy Dowell presently has a safety deposit box at the First American Bank, King-Giant Plaza Office."

In determining probable cause, the issuing magistrate makes a practical, common sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. It is the duty of the reviewing court to insure that the magistrate had a substantial basis for his conclusion. See *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Only the probability and not a prima facie showing of criminal activity is the standard of probable cause. *State v. Nolen*, 617 S.W.2d 174, 175 (Tenn.Cr.App.1981), citing *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In judging probable cause issuing magistrates are not to be confined by restrictions on the use of their common sense. The information in the affidavit is sufficient to establish a reasonable ground of suspicion supported by circumstances. *State v. Lewis*, 641 S.W.2d 517, 519 (Tenn.Cr.App.1982). These issues are overruled.

■ Defendant insists it was error not to require the State to name the confidential informant who provided the information to the affiant in the search warrant. She insists the informant was a material witness essential to her defense; that the informant could have provided details of the conversation relevant to her state of mind to prove she lacked the intent necessary for her conviction.

Generally speaking, the prosecution is privileged to withhold from an accused the identity of an informer. One exception to the privilege is where the informant is a material witness to the crime, having voluntarily exposed his identity to the accused and others. The privilege also gives way where disclosures are relevant and helpful to the defense or essential to a fair determination of the truth. *Roberts v. State,* 489 S.W.2d 263, 264 (Tenn.Cr.App.1972). There is nothing in this record to indicate the informant was a participant in the crime. See *Washington v. State,* 534 S.W.2d 865, 867 (Tenn.Cr.App.1975). In the light of the offense charged, the possible defenses, the evidence presented, and the significance of the information provided, and especially in view of the fact that there is nothing in the record to suggest the informant could provide information helpful to the defendant or was a witness to the crime, the action of the trial court was correct in withholding the identity of the informant. The issue is overruled.

In the next issue defendant asserts the trial court committed prejudicial error in allowing a police officer to testify regarding a telephone conversation he overheard between the defendant and a fellow officer. Officer Jimmy Sampson testified he listened on an extension phone on February 23, 1983, when Captain Moore received a phone call from a female who identified herself as Patsy Dowell. The caller stated the manager at the bank had instructed her to contact the police before she could have access to her safety deposit box. Captain Moore informed the caller the police had a search warrant for the box. When he informed her they were looking for drugs the phone went dead. Sampson had not had occasion to speak with her prior to the phone call but did so at a later date and recognized her voice as that of the female caller. Defendant argues this testimony was inadmissible hearsay, highly prejudicial and of no probative value.

■ Hearsay is generally excluded on the basis that the declarant is not present and available for cross-examination. It is for this reason that where the alleged declarant is a criminal defendant, the hearsay evidence rule does not apply. See *State v. Jones,* 598 S.W.2d 209, 223 (Tenn.1980). The right of confrontation gives an accused the right to confront witnesses who are produced to prove such matters as are competent evidence against him under settled principles of law. *State v. Marquadis,* 649 S.W.2d 15, 17 (Tenn.Cr.App.1982). The confrontation issue cannot arise except when the declarant is not available for cross-examination. It may not arise where the declarant is a party to the lawsuit, except to the extent of cross-examining the witness to the declaration. *Jones,* supra, at 224. In this case the witness to the declaration was fully cross-examined. The issue is without merit.

■ Defendant argues she was prejudiced by the State's inability to produce certain original items of evidence at trial. Prior to trial various discovery motions were filed on behalf of defendant and it was determined that certain items taken from defendant's safety deposit box had been stolen from the custody of the Kingsport Police Department. These included the plastic bag with the name "Encounter" on it, the Five Hundred Twenty-One Dollars ($521) in cash, and the several plastic bags which had contained the white powder. Defendant asserts that the missing evidence was material to her defense, but does not say how she was prejudiced. Several witnesses testified regarding this evidence, to the fact that it was seized from the safety deposit box, that a fingerprint lifted from the large bag was identified as that of the defendant, and that cocaine was found in the smaller plastic bags. The

cash was identified and described as old money of the 1934 series. Defense counsel had an adequate opportunity for cross-examination about the evidence in question. It is unlikely the opportunity to have viewed the actual evidence would have swayed the jury to acquit at trial. It appears that all efforts of the police to locate the missing evidence were fruitless. In *United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), the Supreme Court dealt with the issue of lost tapes which were not produced and could not be located. The record was devoid of credible evidence they were suppressed. The court, dealing with federal discovery rules, stated that the rules were not cast in constitutional terms. It held the question of the tapes was not one of constitutional dimension, and we so hold here. There is a distinction between a right to discovery which is statutory, and the constitutional right to the production of exculpatory evidence. *Hamilton v. State*, 555 S.W.2d 724, 730 (Tenn.Cr.App.1977). The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963). There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. See *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). The issue is without merit.

■ Defendant submits the trial court erred in overruling an objection to the State's summary of the law on controlled substances during argument. It is the province of the trial judge to state to the jury the law of the case and it is not advisable for counsel to do so in final argument because of the possibility of error in their summation. *State v. Smith*, 626 S.W.2d 283, 285 (Tenn.Cr.App.1981). In this case the statement was correct, and the law was correctly charged to the jury by the trial court in the jury instructions.

We find no error. See *State v. Adkins*, 653 S.W.2d 708 (Tenn.1983).

■ Defendant argues the court below erred in delivering instructions to the jury on flight as evidence of guilt. She insists there was no evidence to suggest she fled from prosecution. There is evidence in the record to indicate she could not be found for purposes of arrest after she had knowledge of the charges against her. When there is evidence from which the jury could determine that the defendant fled, an instruction concerning flight is proper. *State v. Goodman*, 643 S.W.2d 375, 382 (Tenn.Cr.App.1982). The issue is overruled.

■ Defendant contends the evidence was insufficient to support the finding that she possessed more than thirty grams of the cocaine for resale. She argues the discrepancies between the amount of substance tested and the percentage of drug found are so wide that no jury could determine the amount of drugs actually possessed. One toxicologist testified there were 138.7 grams of cocaine; a second toxicologist found 90.9 grams of cocaine in the powder substance. Either figure supports the finding of possession of more than 30 grams. It may be inferred from the amount of controlled substance possessed by the accused that the possession is for resale. T.C.A. § 39–6–417(a)(2). There is no merit to this complaint.

■ Defendant says the trial judge abused his discretion in fixing punishment at 18 years in the penitentiary in view of the favorable factors presented at the sentencing hearing. The record indicates the judge found the mitigating factors presented were not supported by the evidence. He considered all the appropriate factors and set the sentence about midway on the scale of the punishment ranges fixed by the sentencing act for this offense. We find no abuse of discretion.

■ There is no merit to defendant's claim that an irreconcilable conflict exists between the Tennessee Criminal Sentencing Reform Act of 1982 and the provisions

of the Class X Felonies Act of 1979. The subsequent enactment of the Criminal Sentencing Reform Act of 1982 annuls and supersedes those provisions of the Class X felony statutes enacted in 1979 which cannot be reconciled. T.C.A. § 40–35–112(b) provides that a crime occurring on or after July 1, 1982 and is otherwise classified as a Class X felony shall be treated in all respects under the law as it existed prior to July 1, 1982, except: the judge shall impose sentence in accordance with, and the release classification eligibility date shall be governed in accordance with, the Criminal Sentencing Reform Act. T.C.A. § 40–35–504 provides for the parole of individuals in accordance with their release classification status, including those who have been convicted of Class X felonies.

Finding the record free of reversible error we affirm the judgment of the trial court.

DUNCAN and CORNELIUS, JJ., concur.