James O'Brien *v*. The State.

(*Nashville.* December Term, 1928.)

Opinion filed February 25, 1929.

FRED C. HOUK, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

Officers with a search warrant entered the premises of plaintiff in error and discovered there in his possession eight and one-half quarts of whiskey. He was convicted upon the evidence thus found in his possession, and has appealed from the judgment rendered against him.

It is insisted that the conviction should be set aside because the evidence was obtained by an unlawful search and seizure. No evidence was introduced by plaintiff in error, and if the evidence discovered by the search of his premises was legally obtained and therefore admissible, it supports the verdict.

The objection to its admissibility was that the affidavit failed to disclose probable cause and that the warrant did not describe the premises to be searched; and that the search warrant was void for these defects. The affidavit was made upon knowledge and upon information received from a citizen well known to affiant and meets the requirements set forth in *Jackson* v. *State,* 153 Tenn., 441.

*(1)* It is a requirement that the search warrant sufficiently describe the premises to be searched. In this case the warrant directed the officer to search the dwelling house of James O'Brien on TeCoy Road in 9th Civil Dis-

trict, Knox County, Tennessee. According to numerous authorities, such a description is held sufficient because it enables the officer to whom it is directed to locate with reasonable certainty the place to be searched. *Olsen* v. *Haggarty,* 69 Wash., 48; *Blackburn* v. *Commonwealth,* 202 Ky., 751; *Little* v. *Commonwealth,* 205 Ky., 55; *State* v. *Sheehan,* 111 Me., 503; *McSherry* v. *State,* 132 Minn., 260.

*(2)* The affidavit is attached to the search warrant. A comprehensive description of the premises is set forth in the affidavit which is made a part of the warrant by reference. While the description in a detached affidavit cannot, without proper reference, be used to aid an insufficient description in the warrant (Cornelius, Search and Seizure, p. 331), a different rule prevails where the affidavit is attached to the warrant and the description of the affidavit is incorporated in the warrant by proper reference. *State* v. *Erskind,* 66 Me., 358; *Winsor* v. *U. S.,* 286 Fed., 51. In such case the description is a part of the search warrant.

In *Hampton* v. *State,* 148 Tenn., 155, the affidavit referred to described the individual, Hampton, my reference to the place where he lived, and charged that he was "handling, making or selling whiskey unlawfully," without stating where he kept the liquor that he was handling, making or selling. Neither affidavit nor warrant described the premises, or charged that whiskey was kept there; and the warrant without describing the thing to be searched for commanded the officer to search, leaving him to guess whether he was to search Hampton, who lived on the north end of the Ditmore farm, or to search the place where he lived, and also leaving him to guess whether he was to search for whiskey or a still or whether he was to search for "said articles."

The affidavit stated probable cause and the warrant by reference to the description of the premises in the affidavit contained a sufficient description to enable the officers to unerringly find the place to be searched. We find no error.

Affirmed.