## Webb *v.* State.

### (*Knoxville*, September Term, 1938.)

Opinion filed November 25, 1938.

HOBART F. ATKINS, of Knoxville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiff in error was convicted for possessing intoxicating liquor. The jury assessed a fine of $100, to which the trial court added a jail sentence of sixty days.

Several officers, armed with a warrant, searched the home of plaintiff in error and found 83½ gallons of moonshine liquor concealed underneath a loose plank of the floor. The plaintiff in error neither testified nor introduced any testimony in this own behalf, but relies solely and alone upon the invalidity of the search warrant.

The validity of the affidavit, upon which the search warrant was issued, is questioned in this court for the first time upon the ground that it fails to state the time that the informant obtained his knowledge as to the possession of intoxicating liquors. This objection comes too late since the trial court cannot be put in error for a matter not called to his attention or made a ground of the motion for a new trial. It is a well-settled rule in this State that even in criminal cases errors to which no objections are made and exceptions taken in the court below cannot be raised for the first time and considered by this court. *Armstrong* v. *State,* 150 Tenn., 416, 265 S. W., 672; *Harris* v. *State,* 100 Tenn., 287, 45 S. W., 438; *Moore* v. *State,* 96 Tenn., 209, 33 S. W., 1046;

*Miller* v. *State,* 80 Tenn. (12 Lea), 223; *Garner* v. *State,* 73 Tenn. (5 Lea), 213; *Wallace* v. *State,* 70 Tenn. (2 Lea), 29.

In the trial court, objection was made to the search warrant upon the ground that the officer procuring same did not divulge to the magistrate the name of his informant. This assignment may be disposed of by referring to our recent decision of *Gallimore* v. *State,* 173 Tenn. 178, 116 S. W. (2d), 1001.

Finally, it is contended that the warrant does not sufficiently describe the premises to be searched.

It appears that the affidavit and warrant were on the same sheet of paper and were physically attached. The affidavit recites: ''That one, Joe Webb, has in his residence or dwelling house on the Andersonville Pike, about 12 miles from Knoxville on the left side of the pike, same being a three room boxed house, unpainted, in the 7th Civil District of Knox County, Tennessee, a quantity of intoxicating liquor,'' etc. It is conceded that this is an adequate description. This affidavit was followed by the warrant, which is as follows:

''State of Tennessee—Knox County

''To the Sheriff or Any Lawful Officer of Said County:

''The above affidavit having been made, subscribed and sworn to before me, you are hereby commanded to make immediate search of the dwelling house of said Joe Webb, on the Andersonville Pike, Knox County, Tennessee, for intoxicating liquor, and, or, for still or apparatus used in the manufacture of intoxicating liquors, and if you find such liquors and, or apparatus in his possession, you will arrest the offender and bring him, together with the evidence of his guilt before me and be dealt with as the law directs.

"Given under my hand and seal, at office in Knox County, Tennessee, on this the 21st day of November, 1936."

In *O'Brien* v. *State*, 158 Tenn., 400, 401, 402, 14 S. W. (2d), 51, it was said:

"It is a requirement that the search warrant sufficiently describe the premises to be searched. In this case the warrant directed the officer to search the dwelling house of James O'Brien on TeCoy Road in Ninth civil district, Knox county, Tenn. According to numerous authorities, such a description is held sufficient because it enables the officer to whom it is directed to locate with reasonable certainty the place to be searched. *Olson* v. *Haggerty,* 69 Wash., 48, 124 P., 145; *Blackburn* v. *Commonwealth,* 202 Ky., 751, 261 S. W., 277; *Little* v. *Commonwealth,* 205 Ky., 55, 265 S. W., 433; *State* v. *Sheehan,* 111 Me., 503, 90 A., 120; *McSherry* v. *Heimer,* 132 Minn., 260, 156 N. W., 130.

"The affidavit is attached to the search warrant. A comprehensive description of the premises is set forth in the affidavit which is made a part of the warrant by reference. While the description in a detached affidavit cannot, without proper reference, be used to aid an insufficient description in the warrant (Cornelius, Search and Seizure, p. 331), a different rule prevails where the affidavit is attached to the warrant and the description of the affidavit is incorporated in the warrant by proper reference. *State* v. *Erskine,* 66 Me., 358; *Windsor* v. *U. S.* (C. C. A.), 286 F., 51. In such case the description is a part of the search warrant."

Upon the subject of incorporation by reference, we quote from 56 C. J., 1232, as follows: "Since the search warrant must, as to description, be sufficient in itself, it

is not aided in such description by the affidavit upon which it is based, unless the warrant refers to the annexed complaint or affidavit for the description, or unless, it has been held, the affidavit be attached or annexed in which case the warrant may be construed as including the annexed affidavit in determining the particularity of the description, or unless, if the affidavit be detached, it is properly referred to.''

Without passing upon the question as to whether the warrant in the present case can be construed as including the affidavit, we are of opinion that the description in the warrant meets the requirements of the statute without having to refer to the affidavit. To repeat, that description is ''the dwelling house of said Joe Webb, on the Andersonville Pike, Knox County, Tennessee.''

In *State* v. *Bass,* 153 Tenn., 162, 166, 281 S. W., 936, 937, it was said:

''To prevent disturbance of good citizens by the unlawful intrusion of the police, the Constitution and statutes provide that no warrant shall issue to search any cititzen's premises without particularly describing the place to be searched. This requirement is met by a description which particularly points to a definitely ascertainable place so as to exclude all others. *Spears* v. *State* (Miss.), 99 So., 361. And the description is sufficient under this rule which enables the officer to locate the place to be searched with reasonable certainty, without leaving it to his discretion. Definite reference to a street number in a given city and state meets the requirement of this rule.''

We quote from 56 C. J., 1233, as follows: ''Moreover, it is held that the word 'particularly' in the constitution requiring such a description means that the description

must be such that any person familiar with the locality can by inquiring identity the premises described."

In the same book, on page 1237, it is said:

"As it seems neither necessary nor practicable to describe a farm dwelling house with the same degree of particularity as a dwelling house located in the city, the requirements are therefore not so strict, although the degree of particularity required is obviously governed by the circumstances of each case. Thus since houses in rural communities are commonly known by the name of the owner rather than by any technical legal description, a description of rural property as the premises occupied by a named person may be held sufficient, even though the property is incorrectly described as to section and range. Likewise the description may be sufficient if the farm is named and the particular district disregarded."

In *Cruze* v. *State,* 114 Tex. Cr. R., 450, 25 S. W. (2d), 875, it was held that a description of the premises by the name of the owner, whereby the officer is enabled to identify the place, is sufficient.

█ Necessarily, where a designated building is to be searched, the name of the occupant being unknown, the place should be described with as much precision and accuracy as the circumstances will permit.

The description in the warrant under consideration points to a definite ascertainable place, thereby excluding all others. There is no uncertainty or obscurity as to the building to be searched. Such a warrant confers upon the officers no discretion or authority to search any other dwelling than that of Joe Webb, "on the Andersonville Pike, Knox County, Tennessee."

There is no reversible error in the record. We, therefore, affirm the judgment of the trial court.