GARRETT *v.* STATE.

(*Jackson,* April Term, 1952.)

Opinion filed June 7, 1952.

Hughie Ragan, of Jackson, for defendant.

Knox Bigham, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant was convicted of promoting and assisting in the promotion of a lottery with a fine of $1,000 and three months in the workhouse.

Proof shows that the officers had a search warrant for the home of the defendant and that on August 25, 1951 at about seven o'clock in the evening, they went to the

home of the defendant and found a device described as a cage which contained some type of reel referred to as policy balls. These balls were numbered. The officers also found books with numbers on the pages and names of various persons at the top of the pages. There were a number of tickets bearing numbers and a designation connecting them with the Lucky Star Policy House. In the house were a number of sacks containing a quantity of money. These items were all exhibited but were not set up with the record. An officer described the method of this game as follows: the player may select any combination of three numbers for a nominal consideration. A drawing is conducted and if the player is fortunate enough to have any one of his numbers drawn, he receives more money than he put up. If he hits on two numbers or all three, then his winnings are increased.

The defendant told the officers that he already had the drawing and that he intended to carry it and make a delivery to a man waiting in a taxicab and the man in the cab was to make the delivery in town. He also told the officers that he was out to make some quick money and got caught.

██ The search warrant is assailed on the ground that the description is inadequate. It is contended that the house had five rooms instead of four. The description is sufficient if it enables the officer to locate with reasonable certainty the place to be searched. The description here met this requirement by directing the officer to search the house of J. F. Garrett on the Bells Road in Madison County.

*O'Brien* v. *State,* 158 Tenn. 400, 14 S. W. (2d) 51. See also *Webb v. State,* 173 Tenn. 518, 121 S. W. (2d) 550.

██ It is also insisted that the search was illegal because the officers did not read the search warrant or

exhibit it to the defendant. We have no statute requiring the officer to exhibit or reveal the search warrant at the time of the search.

"No formal statement as to the contents of the warrant is necessary to its execution. And unless the statute so provides, an officer charged with the execution of a lawful warrant is not obliged to exhibit the warrant as a prerequisite to the right to execute it." 47 Am. Jur. Searches and Seizures, Section 39.

■ ■ It is also contended that the punishment was cruel and excessive. The answer to this is that the punishment inflicted is that prescribed by the statute.

We have considered the objections made as to the instructions given by the trial judge to the jury as to punishment.

The first count of the indictment charges an offense in participating in a lottery. The transaction described in the first count of the indictment corresponds with all of the definitions of a lottery. This being the case, the court's instructions that the punishment was mandatory were correct.

Code, Section 11302.

■ ■ It is also insisted that the case should be reversed because the jury after reporting a verdict of guilty, was allowed to separate for a period of fifteen minutes, at the end of which time the jurors were reassembled and reported the punishment to be imposed. We can find no prejudice against the defendant because the verdict of guilty had been reported prior to the separation and the jury had no discretion in fixing the punishment. It is also to be observed that the defendant waived any right to rely on this matter because he failed to object to the procedure in the trial court.

*Monday* v. *State,* 160 Tenn. 258, 23 S. W. (2d) 656.

We have considered all assignments of error and find them without merit. The judgment of the lower court is affirmed.