AB HATCHETT

*v.*

STATE OF TENNESSEE.

(*Jackson,* April Term, 1961.)

Opinion filed May 5, 1961.

JOE C. DAVIS, Lexington, for plaintiff in error.

400

WALKER T. TIPTON, Assistant Attorney General, for defendant in error.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The defendant below, Ab Hatchett, was convicted of violation of the liquor laws and fined $500 and sentenced to 6 months in prison. This appeal in error followed.

Hatchett is a resident of Henderson County, and resides in a home a short distance from Lexington, on the old Perryville Road. Officers, on January 18, 1958, went to the home of the defendant with a search warrant and searched his home for whiskey. The raid took place about 6:00 p.m., the officers having parked their car about a half mile from the defendant's home and then walked on to the home of the defendant. The officers entered the house and informed the defendant that they had a search warrant, and the defendant told them not to bother with reading it, but to go ahead and make the search. They found no whiskey in the house and then they went to the

barn some 50 yards away from the house, where 35 one gallon jugs of untaxed whiskey were found.

It is contended that the evidence preponderates against the verdict of guilty. This assignment is without merit as the proof clearly shows that the whiskey was found in the defendant's barn.

■ It is well settled in this jurisdiction that the unexplained presence of contraband whiskey upon the premises occupied by the accused and under his control is sufficient to convict. *Lampley v. State,* 196 Tenn. 534, 268 S.W.2d 572.

■ The second through the fifth assignments attack the search warrant. It is the contention of the defendant that the search warrant does not particularly describe the property to be searched, and therefore is invalid. The description reads as follows:

"Residenceof Ab Hatchett in 5th Civil District on the South side of old Perryville Road about 1¾ miles from Lexington, Tennessee Court House. The house is a white frame house on the South side of old Perryville Road and this search warrant is for all out houses, barns and vehicles on said premises."

The rule is that the property to be searched must be particularly described in the search warrant before it is valid. The test is whether, or not, the description will enable an officer to locate the place to be searched with reasonable certainty.

■ We have held that the describing of the place to be searched by naming the occupant satisfies the above-mentioned test. *O'Brien v. State,* 158 Tenn. 400, 14 S.W.

2d 51; *Webb v. State,* 173 Tenn. 518, 121 S.W.2d 550;
*Garrett v. State,* 194 Tenn. 124, 250 S.W.2d 43.

The description directed the officers to the residence of
the defendant on the old Perryville Road about one and
three-fourths miles from Lexington. It is true that the
distance from the Court House is about a mile off of the
distance to the defendant's home, but the officers could by
inquiring identify the premises described in the warrant.
*Webb v. State,* supra.

■ It is next insisted that the warrant was not suffi-
cient to cover the barn, where the whiskey was found.
However, the case of *Peters v. State,* 187 Tenn. 455, 215
S.W.2d 822, held that the contention of the defendant on
this point was without merit.

It is also insisted that the verdict of guilty is not clear.
However, we can treat the word recommended as sur-
plusage. It is clear that the verdict was guilty, and the
defendant fined $500 and given six months in jail.

All assignments are overruled and the judgment of the
lower court is sustained.