## Execution of Search Warrant Without Reading

WALTER E. ALESSANDRONI, Attorney General, April 30, 1963.—We have your request for advice as to whether the law requires that police officers read a search warrant to the occupant of a building before entering such building.

In Pennsylvania, a number of statutes authorize the issuance of search warrants for various purposes. None of these statutes sets forth the degree of formality which must be followed in executing the warrant.

There is no Pennsylvania law or decision which renders a search illegal because the officer failed to an-

nounce and make known the purpose before entering the premises to execute a search warrant. See United States ex rel. Campbell v. Rundle, 216 F. Supp. 41. Also, the Federal Rules of Criminal Procedure (Rule 41) do not require that the warrant be read before the search is valid.

The majority view appears to be that no formal statement as to the contents of a search warrant is required in order to validate its service: Garrett v. State, 194 Tenn. 124, 250 S. W. 2d 43 (1952); Varon: Searches, Seizures and Immunities, Vol. I, p. 373.

The general rule is that a search warrant should be served or exhibited to the person in charge of the place or premises to be searched before any search is commenced, and the peace officer should conduct the search with due regard for the person and property, and comport himself in a reasonable and orderly manner. The officer should inform the person named in the search warrant what is being done and why, as the purpose of the execution of the warrant is not only to empower the officer to make the search, but to inform the suspected person of the nature of the offense which is the subject matter of the writ: Goodman v. State, 178 Md. 1, 11 A. 2d 635 (1940); Varon: Searches, Seizures and Immunities, Vol. I, p. 373.

From a consideration of the foregoing authorities, it is our conclusion that there is no obligation under Pennsylvania law for a police officer to read a search warrant either before or after entering the premises to be searched. All that is necessary is that the officer exhibit the search warrant and inform the person to whom the same is exhibited what is being done and why.

We suggest that when obtaining a search warrant, the police officer request a copy of the same from the issuing authority. Upon making the search the copy should be given to the person in charge of the premises to be searched.