**STATE of Tennessee, Appellee,**

v.

**Jackie BOSTIC, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 29, 1994.

Permission to Appeal Denied by Supreme, Court March 6, 1995.

---

2. *See* Tenn.R.App. 36(a).

Kenneth L. Miller, Cleveland, for appellant.

Charles W. Burson, Atty. Gen. and Amy L. Tarkington, Asst. Atty. Gen. Nashville, Jerry N. Estes, Dist. Atty. Gen., Athens, Sarah Bird, Asst. Dist. Atty. Gen., Cleveland, for appellee.

## OPINION

TIPTON, Judge.

The defendant, Jackie Bostic, appeals as of right from the Bradley County Criminal Court upon a certified question of law which is dispositive of the case. The defendant entered guilty pleas to possession of marijuana with intent to sell, a Class E felony, and possession of drug paraphernalia, a Class A misdemeanor. He was sentenced as a Range II, multiple offender to concurrent terms of two years and eleven months, twenty-nine days and fined a total of three thousand two hundred fifty dollars. The contraband resulting in his convictions was found in his home during a search pursuant to a search warrant.

The certified question presented by the defendant, to which our review is limited, is whether the search warrant's description of the place to be searched was sufficiently particular to satisfy state and federal constitutional requirements. The search warrant states in pertinent part:

> the offense of unlawfully possessing marijuana is ... being ... committed by the defendant Jackie Bostic (on the premises) hereinafter described ...
> you are hereby commanded ... to ... search ... the (premises) ... located in Bradley County, Tennessee and described as follows: From the intersection of Buckhanon [sic] Rd. and Dockery Travel South on Buckhanon [sic] Rd. 5 tenths of a mile to Marion Circle. Turn right on Marion Circle including the house on the corner of Buckhanon [sic] and Marion the residence will be the second on the left....

The controversy surrounding the sufficiency of the description arises from the fact that Marion Circle intersects with Buchanan Road in two places, neither of which is exactly five tenths of a mile from the intersection of Buchanan and Dockery. The defendant's home is the second house on the left from the second intersection of Marion Circle and Buchanan, not the first.

Police Officer Bill Burtt testified at the suppression hearing that he executed and prepared the search warrant. He stated that he measured the distance between the intersection of Buchanan and Dockery and the second intersection of Buchanan and Marion Circle on the odometer of his vehicle after receiving information from an informant. He said the odometer read five tenths of a mile. Before the suppression hearing, Officer Burtt again measured the distance on his odometer and it read "rolling up on five." He stated that he measured the distance to the first intersection of Marion Circle as "halfway between three and four." Officer Burtt testified that if he had been given the description by another officer, he would not have entered Marion Circle at the first intersection, but would have proceeded to the second.

Officer Burtt admitted knowing that there were two intersections of Marion Circle and Buchanan at the time he prepared the warrant. Also, he acknowledged that there was a second house on the left after turning onto Marion Circle from the first intersection. He stated that it was not necessary to take the informant with him to verify the location of the defendant's house before preparing the warrant because he had been inside the home within the past year to execute another search warrant.

The defendant entered into evidence a survey of the various roads. The survey states that the distance from the intersection of Dockery and Buchanan to the second intersection of Marion Circle and Buchanan is forty-six hundredths of a mile. The survey reflects that the distance to the first Marion Circle intersection is about thirty-six hundredths of a mile.

The defendant argues that the warrant does not meet constitutional and statutory requirements that a search warrant describe the place to be searched with particularity. He contends that the warrant's description does not point to a definitely ascertainable place which an officer could locate with reasonable certainty because neither intersection of Marion Circle is five tenths of a mile from the intersection of Buchanan and Dockery. Also, he argues that because an officer executing the warrant would exercise discretion in deciding where to turn off Buchanan onto Marion Circle, the description does not exclude the second house on the left close to the first intersection of Marion Circle and Buchanan. Hence, he concludes that the constitutional prohibition against general warrants was violated.

The state counters that the directions in the warrant are accurate because Officer Burtt testified that the second intersection was five tenths of a mile when measured on his odometer. Also, it argues that the warrant does not allow an executing officer discretion to choose between the two homes reached from the first and second intersections of Marion Circle and Buchanan because the affidavit states that the house to be searched was the residence of the defendant. It cites *Hatchett v. State*, 208 Tenn. 399, 346 S.W.2d 258 (1961), as authority that naming

the occupant of the premises satisfies the particular description requirement.

■■■■ The Fourth Amendment to the United States Constitution requires a search warrant to contain a description of the place to be searched with such particularity that the searching officer may with reasonable effort ascertain and identify the intended place. *See United States v. Burke,* 784 F.2d 1090, 1092 (11th Cir.), *cert. denied,* 476 U.S. 1174, 106 S.Ct. 2901, 90 L.Ed.2d 987 (1986). Article I, Section 7 of the Tennessee Constitution prohibits general warrants and T.C.A. § 40–6–103 requires search warrants to describe particularly the property and the place to be searched. *See Hampton v. State,* 148 Tenn. 155, 252 S.W. 1007 (1923). This requirement is met if the description "particularly points to a definitely ascertainable place so as to exclude all others, and enables the officer to locate the place to be searched with reasonable certainty without leaving it to his discretion." *State v. Smith,* 868 S.W.2d 561, 572 (Tenn.1993). Discrepancies between the warrant's description with regard to distances to the place to be searched and the actual distance to the building searched do not invalidate the warrant if this test is satisfied. *See, e.g., Hatchett,* 346 S.W.2d at 259; *State v. Wright,* 618 S.W.2d 310 (Tenn.Crim. App.1981); *Feagins v. State,* 596 S.W.2d 108 (Tenn.Crim.App.1979).

■■■■ The defendant makes much of the discrepancy between the distance to the intersection of Marion Circle stated in the warrant as five tenths of a mile and the survey's distance of forty-six hundredths of a mile. However, the Fourth Amendment does not require the specificity sought by conveyors of property in describing the place to be searched. *See United States v. Burke,* 784 F.2d at 1092. We conclude that it was reasonable for the officer executing the warrant to rely upon his odometer to measure the distance to the appropriate intersection and that such a distance as stated in the warrant was sufficiently accurate under the circumstances in this case.

Noting what he contends is the closeness of the two intersections of Marion Circle with Buchanan, the defendant argues that it is entirely feasible that a searching officer would arrive at the first intersection, see the Marion Circle street sign and make the turn at that point even though the odometer was only coming up on four tenths of a mile. It is in this respect that he contends that the warrant is ambiguous and improperly leaves to the searching officer the discretion to search either of two different residences.

In response, the state argues that there was no danger that the wrong house would be searched because the affidavit, which was incorporated in the warrant by reference, stated that the defendant, by name, "resides in or occupies or is in possession" of the place to be searched. In *Hatchett v. State,* the case upon which the state relies, the warrant stated:

Residence of Ab Hatchett in 5th Civil District on the South side of old Perryville Road about 1¾ miles from Lexington, Tennessee Court House. The house is a white frame house on the South side of old Perryville Road and this search warrant is for all out houses, barns and vehicles on said premises.

346 S.W.2d at 259. The distance stated in the warrant was approximately a mile off the actual distance to the defendant's home. However, the court held that the description was sufficiently particular because the occupant of the residence was named and the officers could inquire as to the identity of the residence. *Id.*

■■■■ The court relied upon *Webb v. State,* 173 Tenn. 518, 121 S.W.2d 550, 552 (1938), which states that the degree of particularity necessary in the description of a rural residence is not as great as that for a house located in the city.

Thus since houses in rural communities are commonly known by the name of the owner rather than by any technical legal description, a description of rural property as the premises occupied by a named person may be held sufficient, even though the property is incorrectly described as to section and range. Likewise the description may be sufficient if the farm is named and the particular district disregarded.

*Id.* (citation omitted); *see United States v. Hassell,* 427 F.2d 348 (6th Cir.1970); *Hicks*

*v. State,* 194 Tenn. 351, 250 S.W.2d 559, 560 (1952). The rule of particularity is relaxed with regard to rural residences because it is often difficult to describe a rural property with precision and the likelihood of error is somewhat lessened. 2 Wayne R. LaFave, *Search and Seizure,* § 4.5(a), at 209 (2d ed. 1987).

It is not clear from the record in this case that the defendant's residence was a rural one such that the defendant's residence was commonly known by his name. There is nothing to indicate that the premises was a farm and the name of the road, Marion Circle, does not suggest a rural setting. Also, we note that the record does not indicate that the defendant's name was publicly displayed, such as, on a mail box, at the house. Thus, identifying the place as the defendant's residence would not, by itself, be sufficient.

■ However, we do not believe that there was any danger of the wrong residence being searched in this case. Identifying the place to be searched as the defendant's residence or place of occupation provides the warrant some degree of specificity in that the executing officer is informed that the defendant is the target of the search and that he either resides at or occupies the property to be searched. Also, it is significant that Officer Burtt, the searching officer, was the affiant for the warrant and personally knew where the defendant lived because he had been to the house before. In this respect, the description of the place contained in the warrant would, by its terms, lead the searching officer to the correct location. To the extent that an ambiguity might arise because of an officer's perceptions in route to the place, we will not ignore the actual knowledge of the executing officer in resolving the possible ambiguity. That is, when the warrant is facially accurate about the description and location of the place to be searched, but a claim is made that an ambiguity will be reasonably perceived by an officer following the route provided in the warrant, the legal effect of such a possible ambiguity may be determined by considering the fact that the executing officer was the affiant and personally knew where the place to be searched was located. *See* LaFave, *supra,* § 4.5(a), at 210

(facially complete description which turns out to be imprecise upon execution can be aided by use of knowledge by affiant/executing officer of other information which makes it apparent which place was intended).

The directions stated in the warrant were essentially accurate. The defendant was named in the warrant and the affidavit stated that the defendant resided in, occupied or possessed the property to be searched. The possibility of any ambiguity in the location of the defendant's residence which might have arisen in the execution of the warrant was negated by Officer Burtt's actual knowledge that the property was located, in fact, as described in the warrant. Under these circumstances, we do not believe that his failure to note that Marion Circle also intersected with Buchanan at an earlier point invalidated the warrant.

For the foregoing reasons, we hold that the warrant's description of the place to be searched was sufficient. The judgment is affirmed.

WADE, and WELLES, JJ., concur.