# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 2000 Session

## STATE OF TENNESSEE v. LARRY BURKS

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 10807     J. Curtis Smith, Judge**

---

**No. E1999-00571-CCA-R3-CD**
**September 18, 2000**

---

The mobile home, which was the residence of the defendant and his wife, was searched, pursuant to a search warrant, and certain illegal substances were found.  The defendant filed a motion to suppress, contesting the adequacy of the description of the place to be searched.  Following a hearing on the motion and the trial court's upholding the validity of the search warrant, the defendant entered a plea of guilty to a drug offense, reserving as certified questions of law the adequacy of the portion of the search warrant describing the place to be searched and whether the search warrant sufficiently established the reliability of the confidential informant.  Based upon our review, we affirm the finding of the trial court that the description of the premises was adequate.  Our consideration of the second certified question of law is waived because this issue was not pursued on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

M. Keith Davis, Dunlap, Tennessee, for the appellant, Larry Burks.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; James Michael Taylor, District Attorney General; Steven H. Strain, Assistant District Attorney General; and Sherry Durham Gouger, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Larry Burks, was indicted by a Bledsoe County Grand Jury on one count of possession of methamphetamine, a Schedule II controlled substance, with intent to sell and deliver, a Class C felony; and one count of simple possession of marijuana.  The defendant filed a motion to suppress evidence obtained as a result of a search of the residence where he and his wife, Sharon Burks, who was also indicted on the same two counts, lived.  The court below denied his motion after a hearing, and the defendant subsequently pled *nolo contendere* to criminal attempt to possess

a Schedule II controlled substance with intent to sell and deliver, a Class D felony.  In conjunction with his plea, both charges as to his wife were retired, as was his simple possession charge.  The defendant received a sentence of three years in the Department of Correction as a Range I, standard offender, to be served on full probation, and was ordered to pay a $2,000 fine and complete 100 hours of unpaid community service.  The defendant properly reserved certified questions of law regarding the efficacy of the search warrant upon which the incriminating evidence was seized and whether the search warrant sufficiently established the reliability of the confidential informant.  The second certified question, regarding the reliability of the confidential informant, was not pursued by the defendant in his appellate brief.  Accordingly, our consideration of this issue is waived.  Tenn. R. App. P. 27; Tenn. Ct. Crim. App. R. 10.

After our review of the record and analysis of the question reserved, we affirm the judgment of the trial court.

**FACTS**

On August 27, 1997, Bledsoe County Sheriff Bob Swafford obtained a search warrant for the "premises of the said Sharon Burks, the same being located in Bledsoe County[,] Tennessee," the affidavit further stating that within the previous five days a confidential informant had been on the premises of Sharon Burks and had observed certain illegal drugs.  Subsequently, pursuant to this search warrant, on the afternoon of August 29, 1997, Sheriff Swafford searched the residence of Sharon Burks and Larry Burks.  The residence was a mobile home located adjacent to the defendant's place of business, which a photograph in evidence suggested was an automobile repair shop.  The home and shop were located on a rural highway north of Pikeville.  The home appeared to be a grayish color.  Some 200 feet further to the east, on the opposite side of the repair shop, was another mobile home in which the defendant's brother lived.  That home was tan and white.  According to the record, including testimony of a cousin of the defendant and identification of photographs of the site, this tan and white mobile home was orientated in such a way that the end faced the highway.

The certified question presented by the defendant, to which our review is limited, is whether the search warrant's description of the place to be searched was sufficiently particular to satisfy state and federal constitutional requirements.  The defendant contends that the search warrant's description of the place to be searched did not point to a definitely ascertainable place which an officer could have located with reasonable certainty because the directions attached to the warrant could as easily have led an officer to his brother's mobile home as to his mobile home, since both were one and nine-tenths miles from the intersection of Highway 127 and Old York Highway, and were on the same side of the highway.  Of critical importance, according to the defendant, is the fact that his brother's home, which was tan and white in color, more closely fit the warrant's description than did his and his wife's home, which was gray in color.

The warrant contains the following description:

-2-

> Begining [sic] at the intersection of Spring Street and Hiway [sic] 127
> at Bledsoe County Courthouse go north on 127 four and nine tenths
> {4 9/10} miles to Old York hiway. Turn left onto York hiway and go
> one and nine tenths {1 9/10} miles to a tan colored mobile home on
> the left side of Old York hiway, this being the residence of and in the
> control of the said Sharon Burks along with any vehicles or
> outbuildings on said property.

The defendant concludes that the constitutional prohibition against general warrants was violated by this warrant.

The State counters that the warrant clearly identified the residence to be searched as that of Sharon Burks. The State also contends that the warrant did not allow an executing officer discretion to choose between two homes because the warrant was executed by Sheriff Swafford, affiant for the warrant, who personally knew the defendant and "the whole family" and knew the exact location of the Burks' house. The sheriff testified that the defendant and his wife live "right above my house about a half a mile."

## ANALYSIS

The factual findings of the trial court on the motion to suppress are conclusive unless the evidence preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). However, the application of the law to the facts is a question of law and is reviewed *de novo* on appeal. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997). The burden of proof is on the defendant to show that the evidence preponderates against the findings of the trial court. Odom, 928 S.W.2d at 22-23.

Our federal constitution provides that no warrants shall issue except those "particularly describing the place to be searched." U.S. Const., amend. IV. A warrant meets this requirement if it describes the place to be searched with such particularity that the searching officer can, with reasonable effort, ascertain and identify the intended place. See Steele v. United States, 267 U.S. 498, 502, 45 S. Ct. 414, 69 L. Ed. 757 (1925); see also United States v. Gahagan, 865 F.2d 1490, 1496 (6th Cir. 1989). Tennessee law prohibits general warrants, see Tenn. Const., art. I, § 7, and provides that a search warrant must be supported by affidavit "particularly describing the property, and the place to be searched." This requirement is satisfied if the description "particularly points to a definitely ascertainable place so as to exclude all others, and enables the officer to locate the place to be searched with reasonable certainty without leaving it to his discretion." State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993). Absolute perfection in description is not the standard, see Wayne R. LaFave and Jerold H. Isreal, Criminal Procedure, § 3.4(e) (2d ed. 1992). The description of the place to be searched is adequate if it designated the property accurately enough that the officer conducting the search of the premises of one person under a warrant would be prevented from searching instead the premises of another person. See State v. Cannon, 634 S.W.2d 648, 650 (Tenn. Crim. App. 1982) (citing Lea v. State, 181 S.W.2d 351 (Tenn. 1944).

The defendant makes much of the discrepancy between the color of his mobile home and that of his brother, arguing that it is entirely feasible that a searching officer could have arrived at the location one and nine-tenths miles from the intersection of Highway 127 and Old York Highway and made the mistake of searching the "tan" mobile home instead of his home. It is for this reason that the defendant contends that the warrant is ambiguous and improperly leaves to the searching officer the discretion to search either of two different residences. However, the trial court determined the following:

> It's not disputed that Sharon and Larry Burks lived in the trailer that was searched. That's not been disputed. You [defendant] haven't put any proof on that that's not their primary residence. The informant says they were in the primary residence. The Sheriff knows of the residence. When they got there they were, in fact, in the residence. That's what was searched.

We conclude that the evidence supports this finding of the trial court. Sheriff Swafford testified that the tan and white mobile home of the defendant's brother, some 200 feet further down the highway, was never searched.

This court has determined that:

> [T]he description of the place contained in the warrant would, by its terms, lead the searching officer to the correct location. To the extent that an ambiguity might arise because of an officer's perceptions in route to the place, we will not ignore the actual knowledge of the executing officer in resolving the possible ambiguity. That is, when the warrant is facially accurate about the description and location of the place to be searched, but a claim is made that an ambiguity will be reasonably perceived by an officer following the route provided in the warrant, the legal effect of such a possible ambiguity may be determined by considering the fact that the executing officer was the affiant and personally knew where the place to be searched was located.

State v. Bostic, 898 S.W.2d 242 (Tenn. Crim. App. 1994), perm. appeal denied (Tenn. 1995); see also United States v. Williamson, 1 F.3d 1134, 1136 (10th Cir. 1993) (acknowledging that "an executing officer's knowledge [of the place to be searched] may be a curing factor."). We conclude that the description of the color of the defendant's mobile home as "tan" was insignificant. Moreover, Sheriff Swafford testified that he knew exactly which was the home of the defendant and his wife. The color description, which the sheriff himself added to the directions, did not create any possibility that he, as searching officer, would search the wrong home.

## CONCLUSION

Based upon the foregoing analysis, we conclude that the search warrant's description of the place to be searched was sufficient. The judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE