IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 9, 2003 Session

## STATE OF TENNESSEE v. STACY L. MACK and MARTRESS SHAW

**Direct Appeal from the Lauderdale County Circuit Court**
**No. 7237     Jon Kerry Blackwood, Judge**

---

**No. W2002-01828-CCA-R3-CD  - Filed January 22, 2004**

---

ROBERT W. WEDEMEYER, J., dissenting in part and concurring in part.

　　While I concur in the majority's reversal of Defendant Mack's conviction based upon insufficient evidence of constructive possession of cocaine, I respectfully dissent from the portion of the majority opinion that holds that the search warrant did not sufficiently describe the premises to be searched, because it omitted the street address, to meet constitutional standards. I disagree with the majority's conclusion that Bostic, 898 S.W.2d 242, does not apply under the facts of this case because "[w]e are not confronted herein with an ambiguous description, i.e., one that is susceptible to multiple interpretations, but rather the omission of important details in the description." I believe that the omission of the street address *created* an ambiguity in the search warrant, which was cured by Detective Tutor's knowledge of the location to be searched. To hold otherwise effectively ignores the precedent established in Bostic.

　　In Bostic, we stated:

Identifying the place to be searched as the defendant's residence or place of occupation provides the warrant some degree of specificity in that the executing officer is informed that the defendant is the target of the search and that he either resides at or occupies the property to be searched. Also it is significant that . . . the searching officer, was the affiant for the warrant and personally knew where the defendant lived because he had been to the house before. In this respect, the description of the place contained in the warrant would, by its terms, lead the searching officer to the correct location. . . . That is, when the warrant is facially accurate about the description and location of the place to be searched, but a claim is made that an ambiguity [exists] . . . the legal effect of such a possible ambiguity may be determined by considering the fact that the executing officer was the affiant and personally knew where the place to be searched was located.

Id. The search warrant in Bostic contained ambiguous driving directions to the defendant's residence.[1] Id. at 244. The Bostic court found that "[t]he possibility of any ambiguity in the location of the defendant's residence which might have arisen in the execution of the warrant was negated by [the police officer's] actual knowledge that the property was located, in fact, as described in the warrant." Id. at 246; see LaFave, supra, § 4.5(a), at 516-17 (stating that "[u]nder some circumstances, an insufficiency in the warrant description may be cured by facts known by the executing officer other than by examination of the affidavit," especially where the affiant was also the executing officer).

The warrant in this case directed Detective Tutor to search "the premises occupied by **Stacy Mack** said premises being a **wood framed single story dwelling with green siding and black shingle roof in Ripley**, situated in Lauderdale County, Tennessee." In contrast to the ambiguity contained in the Bostic search warrant, the search warrant in this case omitted the street address of the residence, creating an ambiguity in its description of Defendant Mack's residence. While Tennessee courts have not addressed whether the Bostic analysis applies to an ambiguity in a search warrant created by the omission of a street address, the First Circuit of the United States Court of Appeals has addressed whether such an omission invalidated a search warrant where the federal agents executing the search warrant were familiar with the location to be searched in United States v. Bonner, 808 F.2d 864, 865 (1st Cir. 1986). In Bonner, the search warrant described the premises to be searched in detail, but omitted the street address of the residence.[2] The First Circuit stated, "The test for determining the adequacy of the description of the location to be searched is whether the description is sufficient 'to enable the executing officer to locate and identify the premises with

---

[1]The search warrant in Bostic stated as follows:

[T]he offense of unlawfully possessing marijuana is . . . being . . . committed by the defendant Jackie Bostic (on the premises) hereinafter described . . . [Y]ou are hereby commanded . . . to . . . search . . . the (premises) . . . located in Bradley County, Tennessee and described as follows: From the intersection of Buckhanon [sic] Rd. and Dockery Travel South on Buckhanon [sic] Rd. 5 tenths of a mile to Marion Circle. Turn right on Marion Circle including the house on the corner of Buckhanon [sic] and Marion the residence will be the second on the left. . . .

Bostic, 898 S.W.2d at 244. The Bostic court explained that the controversy surrounding the sufficiency of the description arose from the fact that "Marion Circle intersects with Buchanan Road in two places, neither of which is exactly five tenths of a mile from the intersection of Buchanan and Dockery. The defendant's home is the second house on the left from the second intersection of Marion Circle and Buchanan, not the first." Id.

[2]The search warrant in Bonner described the premises to be searched as follows:

The properties to be searched are a blue, wood-frame ranch style house with white trim and blue printed shingles with a screened porch on the back and two solar panels on the roof; a white trailer behind the house; and a barn-like structure in dilapidated condition of unpainted aged wood. There is a mailbox bearing the name Bonner in front of the residence. Adjacent to the residence is a detached two car garage with two separate bays and two separate white garage doors. Both the trailer and barn have a white electrical cable running from them to the house.

Bonner, 808 F.2d at 865, n.1.

reasonable effort, and whether there is any reasonable probability that another premise[s] might be mistakenly searched.'" Bonner, 808 F.2d at 866 (quoting United States v. Turner, 770 F.2d 1508, 1510 (9th Cir. 1985)); see United States v. Vega-Figuieroa, 234 F.3d 744, 756 (1st Cir. 2000); United States v. Pervaz, 118 F.3d 1, 9 (1st Cir. 1997). Applying this test, the First Circuit held that:

> The warrant here, considering the circumstances of its issuance and execution, suffered from a minor, technical omission. There was no risk that federal agents would be confused and stumble into the wrong house, or would take advantage of their unforeseeable windfall and search houses indiscriminately. The agents, having previously conducted the surveillance, knew exactly which house they wanted to search, described it accurately and in detail in their affidavit, and searched only that house without delay after the warrant issued. We hold that the Bonner residence was described with sufficient particularity, and although the address was inadvertently omitted, there was no reasonable probability that another premises might be mistakenly searched; thus, the search warrant was valid.

Bonner, 808 F.2d at 866-67. I believe that the First Circuit's particularity test is entirely consistent with the particularity analysis for search warrants adopted by this Court in Bostic and is persuasive. Accordingly, I conclude that the Bostic analysis applies to an ambiguity created by the omission of the street address in a search warrant.

Therefore, I would hold that the omission of the street address provided by the officer presenting the affidavit created an ambiguity that was not fatal to the search warrant's constitutionality. Defendant Mack was named in the search warrant. The officer who drafted the affidavit, Detective Tutor, was the same officer who executed the search of the premises. Detective Tutor testified that he was familiar with the premises and that he, in fact, provided the street address in his affidavit. Furthermore, the search warrant described the physical characteristics of Defendant Mack's residence and stated that the residence was located "in Ripley, situated in Lauderdale County, Tennessee." As in Bonner, Detective Tutor and the other officers, through their investigation and surveillance, knew exactly which location they wanted to search and searched only that location. Defendant Mack's residence was described with sufficient particularity, and although the street address was omitted from the warrant, there was no reasonable probability that another premises might be mistakenly searched. Moreover, the possibility of any ambiguity in the location of Defendant Mack's residence that might have arisen during the execution of the warrant was negated by Detective Tutor's actual knowledge of the location of the property described in the search warrant.[3]

---

[3]While I would so hold, I note that the better practice is for magistrates to only issue search warrants that describe the place to be searched in as much detail as possible, including the street address. By including the accurate street address of the property to be searched, magistrates will minimize the risk that officers executing the search warrant will search the wrong place by mistake or that their search warrants will be deemed invalid for lack of particularity.

Based upon my finding that the warrant sufficiently described Defendant Mack's residence under the circumstances of this case, I would affirm Defendant Shaw's conviction because sufficient evidence exists to support it. When viewed in a light most favorable to the State, the evidence reveals that Detective Tutor and the other law enforcement officers involved in the search found residue which field-tested positive for cocaine, as well as 1.9 grams of cocaine in Connelly's mouth and cash on Defendant Shaw roughly equivalent to the street value of the cocaine found in Connelly's mouth. Because the State is entitled to the strongest legitimate view of the evidence in the record, as well as all reasonable and legitimate inferences that may be drawn therefrom, a rational trier of fact could have found that Defendant Shaw had sold the cocaine to Connelly prior to being searched. A rational trier of fact could have found that Defendant Shaw possessed more than 0.5 grams of cocaine with the intent to deliver. Accordingly, I would affirm Defendant Shaw's conviction.

_____
ROBERT W. WEDEMEYER, JUDGE