IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 7, 2005 Session

## STATE OF TENNESSEE v. TIMOTHY WADE DAVIS

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 69067   Richard Baumgartner, Judge**

_____

**No. E2003-02162-SC-R11-CD - Filed March 16, 2006**

_____

ADOLPHO A. BIRCH, JR., J., dissenting.

Because I would hold that failure to furnish the defendant an exact copy of the expressly incorporated affidavit violates Tennessee Rule of Criminal Procedure 41(c), I respectfully dissent and fear that the majority holding dilutes the essence of Rule 41(c).

Expressly incorporated affidavits are considered by courts when needed to satisfy a deficiency in the warrant. See O'Brien v. State, 14 S.W.2d 51, 51 (Tenn. 1929) ("In such case the description is a part of the search warrant."); State v. Lowe, 949 S.W.2d 300, 304 (Tenn. Crim. App. 1996), perm. app. denied (Tenn. 1997) (citing United States v. Blakeney, 942 F.2d 1001, 1024 (6th Cir. 1991) ("If . . . there is explicit reference to the affidavit in the search warrant, the affidavit may be considered part of the warrant."). The Court adopts a rule today that an expressly incorporated affidavit is not to be considered as part of the search warrant when it would render the search warrant legally deficient.

The case that the majority cites as precedent for this rule, State v. Henning, 975 S.W.2d 290, 296 (Tenn. 1998), is distinguishable from this case. Henning did not hold, as the majority suggests, that an expressly incorporated affidavit was not subject to the requirements of Rule 41 (c). What Henning did determine was that an affidavit merely referenced on the search warrant was not subject to the requirements of Rule 41(c).[1] There is a difference, of course, between a mere reference to an affidavit on a search warrant and a clause expressly incorporating an affidavit into a search warrant. For example, in United States v. Watkins, the Sixth Circuit Court of Appeals determined that two

_____

[1]"There is a printed reference on the search warrant to the affidavit made by Capt. Thomas Coleman." Henning, 975 S.W.2d at 296. The Court did not hold that this reference constituted an express incorporation of the affidavit into the search warrant.

references to an affidavit in a warrant were not sufficient to incorporate the affidavit.[2]

Since the warrant in this case expressly incorporates the affidavit, I would hold that the affidavit was subject to the requirements of Rule 41(c) and that those requirements were not fulfilled. I would also hold that the physical evidence and the defendant's subsequent statements obtained as a result of the search are inadmissible as fruit of the poisonous tree because such evidence was obtained as a result of this illegality. See State v. Huddleston, 924 S.W.2d 666, 674 (Tenn. 1996) (adopting Wong Sun v. United States, 371 U.S. 471, 488 1963).

The decision by the majority today, in my view, allows the State to "have its cake and eat it too." As the majority view is applied, an incorporated affidavit is only considered as part of the search warrant when it is needed to satisfy a deficiency in the warrant; if however, the affidavit would instead cause a defect in the warrant, it is treated as a completely separate document that should not be considered.

I fear that the implications of this decision will impinge upon the right of our citizens to be free from unreasonable searches and seizures, a right that this Court has in the past zealously protected. For the foregoing reasons, I respectfully dissent.



ADOLPHO A. BIRCH, JR., JUSTICE

---

[2] The only two references to the affidavit in the warrant were a statement that an affidavit had been "made before [the magistrate judge]," and that the magistrate judge was "satisfied that the affidavit ... establis[ed] probable cause to believe that [the items sought would be found on the ... premises above-described]." . . . The warrant contained no "words of reference" that can be said to have incorporated the affidavit into it.

Watkins, 179 F.3d 489, 495 (6th Cir. 1999).