# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 1, 2011

## STATE OF TENNESSEE v. CALVIN CATHEY

**Direct Appeal from the Circuit Court for Crockett County**
**No. 3887       Clayburn Peeples, Judge**

**No. W2009-01624-CCA-R3-CD  -  Filed September 1, 2011**

The appellant, Calvin Cathey, pled guilty in the Crockett County Circuit Court to possession of .5 grams or more of a Schedule II controlled substance with intent to sell or deliver and received an eight-year sentence to be served as one hundred eighty days in jail and the remainder on probation.  As a condition of his plea, the appellant reserved a certified question of law, namely whether the search warrant obtained to search his home sufficiently described the property to be searched.  Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ALAN E. GLENN, J., joined.  JERRY L. SMITH, J., filed a dissenting opinion.

J. Diane Blount (on appeal) and Rachael Scott (at trial), Trenton, Tennessee, for the appellant, Calvin Cathey.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel W. Willis, Assistant Attorney General; Garry G. Brown; District Attorney General; and Edward L. Hardister and Matthew Hooper, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The record reflects that in February 2007, the Crockett County Grand Jury indicted the appellant for possession of .5 grams or more of a Schedule II controlled substance with intent to sell or deliver, a Class B felony.  The appellant filed a motion to suppress the cocaine found in his residence, arguing that the warrant obtained to search his apartment

failed to describe with particularity the property to be searched because the warrant did not name the city in which the apartment was located. The appellant also argued in the motion that the affidavit used to obtain the warrant failed to list the address of the informant's alleged drug buy, which served as the probable cause to issue the warrant. The State filed a memorandum in support of the warrant, acknowledging that the warrant failed to provide the city or zip code for the place to be searched. However, the State argued that the warrant's including the appellant's address and a detailed description of how to get to the residence cured any ambiguity. During a brief hearing on the motion, in which no witnesses testified, the State again acknowledged that "there were problems with the warrant." However, the State contended that "if you know anything about Crockett County you know where this is." The trial court agreed, stating, "I know what you're saying. I think it's not fatal, so I'm denying your Motion."

## II. Analysis

The appellant argues that the search warrant was invalid because it failed to name the city in which his apartment was located. In addition, he argues that the affidavit used to obtain the warrant failed to list the address of the informant's alleged drug buy, which served as the probable cause to obtain the warrant. The State argues that the warrant was valid. We agree with the State.

The search warrant was issued upon affidavit by Chief Ilandis W. Smith. The affidavit and the warrant contained the following description of the premises to be searched:

> STARTING AT FOURWAY AT MAIN AND US HWY 79 TURN RIGHT TRAVEL 1/10 OF A MILE TO FOURWAY STOP ON FRONT AND MAIN CONTINUE ON MAIN ACROSS RAILROAD TRACKS TRAVEL 3/10 OF A MILE TO CAMPBELL RENTAL PROPERTY TURN RIGHT GO STRAIGHT TO THE REAR APARTMENT AT 375 E MAIN APARTMENT #4[.]

The warrant also provided that the premises were occupied by "CALVIN CATHEY DOB 08/31/1980" and situated in Crockett County, Tennessee.

In reviewing a trial court's determinations regarding a suppression hearing, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Thus, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." Id.

Nevertheless, appellate courts will review the trial court's application of law to the facts purely de novo.  See State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001).  Furthermore, the State, as the prevailing party, is "entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence."  Odom, 928 S.W.2d at 23.

Initially, we note that regarding the appellant's claim that the affidavit lacked the information necessary to establish probable cause to obtain the warrant, the appellant's brief fails to make any argument or cite to any authority in support of his contention.  Therefore, the issue is waived.  See Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

Regarding the appellant's claim that the search warrant was invalid because it failed to name the city in which it was to be executed, the United States Constitution requires that a search warrant "particularly [describe] the place to be searched."  U.S. Const., amend. IV; see also Tenn. Const. art. 1, sec. 7.  Similarly, Tennessee Code Annotated section 40-6-103 provides, "A search warrant can only be issued on probable cause, supported by affidavit, naming or describing the person, and particularly describing the property, and the place to be searched.  In State v. Conatser, 958 S.W.2d 357, 359 (Tenn. Crim. App. 1997), this court explained,

> A warrant satisfies this requirement if it describes the place to be searched with such particularity that the searching officer may with reasonable effort ascertain and identify the intended place.  U.S. v. Gahagan, 865 F.2d 1490, 1496 (6th Cir. 1989).  Tennessee law prohibits general warrants, Tenn. Const., art. I, § 7, and requires search warrants to describe "particularly . . . the place to be searched."  T.C.A. § 40-6-103.  This requirement is satisfied if the description "particularly points to a definitely ascertainable place so as to exclude all others, and enables the officer to locate the place to be searched with reasonable certainty without leaving it to his discretion."  State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993).

There are two purposes for the particularity requirement.  State v. Mack, 188 S.W.3d 164, 172 (Tenn. Crim. App. 2004).  First, it "protects the accused from being subjected to an unreasonable search and/or seizure."  Id.  It also "'prevents the officer from searching the premises of one person under a warrant directed against those of another.'"  Id. (quoting Squires v. State, 525 S.W.2d 686, 690 (Tenn. Crim. App. 1975)).

In arguing that the warrant was valid, the State cites Hatchett v. State, 346 S.W.2d

258, 259 (Tenn. 1961), in which our supreme court said that "the describing of the place to be searched by naming the occupant satisfies the [particularity] test." The State also quotes State v. Bostic, 898 S.W.2d 242, 246 (Tenn. Crim. App. 1994), in which our court stated, "The possibility of any ambiguity in the location of the defendant's residence which might have arisen in the execution of the warrant was negated by [the officer's] actual knowledge that the property was located, in fact, as described in the warrant." In upholding the search warrant in Bostic, our court also considered that the warrant named the defendant and provided "essentially accurate" directions to his residence. Id. at 246.

In support of his claim that the warrant was invalid, the appellant contends that this case is akin to the facts in State v. Shelly Bragg, No. 01C01-9805-CC-00236, 1999 Tenn. Crim. App. LEXIS 146 (Nashville, Feb. 19, 1999). In Bragg, a panel of this court considered whether a search warrant's stating the wrong town within Humphreys County invalidated the warrant. The court noted that during the suppression hearing, the officer who filed the affidavit to obtain the warrant "was unable to testify as to the number of incorporated towns located in Humphreys County." Id. at *3. The court concluded, "The requirement that a description 'particularly points to a definitely ascertainable place so as to exclude all others' is not met where the incorrect incorporated town is stated in the warrant." Id. at *4. Although the appellant contends that this case is comparable to Bragg, in our view, directing an officer to the wrong town is significantly different from failing to direct an officer to any town.

Turning to the instant case, we note that neither party called any witnesses to testify at the suppression hearing. The better practice would have been for the parties to present evidence concerning the validity of the warrant. Nevertheless, we can determine, albeit barely, from the record before us that the warrant described the location of the appellant's residence with sufficient particularity to satisfy the particularity test. The warrant provided detailed directions about how to get to the property, the property address, the appellant-occupant's name, and the county in which the property was located. Given that Crockett County is an extremely rural county, we conclude that the warrant described the location of the appellant's apartment with sufficient particularity to prevent an officer from searching the wrong residence. We note, however, that had the city or town been omitted from a search warrant to be executed in a more urban county, the outcome of this case easily could have been different.

-4-

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE