# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. CALVIN CATHEY

### No. 3887    Clayburn Peeples, Judge

---

### No.  W2009-01624-CCA-R3-CD  - Filed September 1, 2011

---

JERRY L. SMITH, J., dissenting.

I must dissent from the holding of the majority that the search warrant, despite its failure to name the city in which it is to be executed, nevertheless identifies Appellant's residence with sufficient specificity.  As noted by the majority, the federal and state constitutions as well as statutory law require that a search must particularly describe the place to be searched.  U.S. Const. amend. IV; Tenn. Const. art. I,  § 7; T.C.A. § 40-6-103.  The majority also correctly points out that this "specificity" requirement is met if the description of the place to be searched "particularly points to a definitely ascertainable place so as to exclude all others, and enables the officer to locate the place to be searched with reasonable certainty without leaving it to his discretion."  *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993) (citing *Hatchett v. State*, 346 S.W.2d 259, 259 (Tenn. 1961); *State v. Cannon*, 634 S.W.2d 648, 650 (Tenn. Crim. App. 1982)).

In the instant case the affidavit in support of the search warrant does not name the city in Crockett County in which it is to be executed.  Additionally, it does not specify a zip code which might point to the property being outside a city or town.  At the suppression hearing the prosecutor conceded that "there were problems with the warrant."  However, the prosecutor stated that "if you know anything about Crockett County you know where this is."  The trial court agreed and denied the motion to suppress.  Neither witness testimony nor any other evidence was presented in support of the warrant.  Based on this scant record the majority concludes that the warrant is sufficient.

The problem I have with this approach is that no testimony or other evidence was presented to show that the officer who was to execute the warrant was familiar with the place to be searched.  In the case on which the majority relies to support it holding, *State v. Bostic*, 898 S.W.2d 242 (Tenn. Crim. App. 1994), the "specificity" problem with the warrant was cured by the testimony at the suppression hearing of the affiant, who was also the executing officer, that he was personally familiar with the location of the premises to be searched.  *Id*.

at 246. No such testimony was presented here. The State cites this Court to the case of *Hatchett v. State*, 346 S.W.2d 258 (Tenn. 1961), which holds that is some instances the specificity requirement may be satisfied by naming the occupant of the premises to be searched. *Id*. at 259. *Hatchett* in turn is based on the earlier case of *Webb v. State*, 121 S.W.2d 550 (Tenn. 1938), which holds that the specificity requirement may be relaxed in rural areas and may be satisfied by reference to the name of the occupant of the premises to be searched since such premises are often referred to in rural areas by the name of the occupant. *Id*. at 552. The problem in the case herein is that there is no testimony that Appellant's residence was in a rural area. As noted in *Bostic* the failure of the prosecution to present evidence that the premises to be searched are in a rural area or that the premises are commonly referred to by the name of the occupant is insufficient for the specificity requirement for search warrants. 898 S.W.2d at 246. The majority appears to take judicial notice that all of Crockett County is rural in nature and thus the specificity requirement is relaxed. I have no personal knowledge of the rural vs. urban nature of Crockett County, nor of the point at which an area's development moves from rural to urban. I do note that the 2010 United States Census shows that Crockett County, Tennessee has a population of 14,586 persons. *See* http://quickfacts.census.gov/qfd/ (choose Tennessee, choose Crockett County). According to additional census figures, the county has three cities and three towns, five of which are incorporated. *See* http://naco.org (follow "about counties," then follow "find a county," select Tennessee, select Crockett, select "places in Crockett County").

Because of the lack of evidence in this case of the executing officer's personal knowledge of the location of the premises to be searched, the lack of evidence indicating that the premises are in a rural setting, and the fact that there are five incorporated cities or towns in Crockett County, I find that failure to specify either the city of town renders the search warrant invalid. I therefore dissent.

_____
JERRY L. SMITH, JUDGE